UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MAYA BEN-AVNER PHIPPS, etc.,

                              Plaintiff,

              -against-                                        26-cv-1089 (LAK)


JEROME JOHNSON PHIPPS JR., etc., et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/25/2026
```

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

On February 9, 2026, Defendants Webster Bank, N.A., and Howard Green filed a notice of removal invoking this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441.[1] Seven defendants were listed in the notice of removal and on the amended summons and complaint attached as an exhibit thereto.[2]

The original notice of removal was not filed on behalf of all defendants, nor did it allege, as required by 28 U.S.C. § 1446(b)(2)(A), that all defendants properly joined and served in state court had joined in or consented to the removal of the action. Accordingly, on February 11, 2026, the Court ordered that the case would be remanded to state court absent the filing of either an amended notice of removal or written notices of consent from the defendants who did not join the original notice.[3]

On February 12, 2026, Defendants Ronald J. Cohen and Cohen, Labarbera & Landrigan, LLP, filed a written notice of consent through counsel.[4] On February 13, 2026, the Defendants Webster Bank, N.A., and Howard Green filed an amended notice of removal.[5]

The amended notice alleges in paragraph 13 that "the only other three (3) defendants served

---

[1] Dkt 1.

[2] *Id.*; Dkt 1-1.

[3] Dkt 7.

[4] Dkt 8.

[5] Dkt 9.

with the Amended Summons and Amended Complaint and that have appeared in this action are" Jerome Johnson Phipps Jr. a/k/a Jake Phipps a/k/a Jerome Phipps ("Defendant Phipps Jr."), Cohen, Labarbera & Landrigan, LLP, and Ronald J. Cohen.[6] The amended notice alleges in paragraph 14 that Defendant Phipps Jr. "consented to removal and confirmed his consent via email sent on February 12, 2026."[7]

The Court has identified at least two potential defects in the amended notice of removal:

1. Paragraph 14 alleges that Defendant Phipps Jr. expressed his consent "via email," but Defendant Phipps Jr. did not sign the amended notice of removal nor is the Court in receipt of any written notice of consent from Defendant Phipps Jr.[8]

2. Defendants Margery Phipps and Maria Evans a/k/a Theresa Evans did not sign the amended notice of removal and have not submitted written notices of consent, yet Paragraph 13 fails to clearly allege that these two defendants were not properly served with the amended complaint; whether they have been served and whether they have "appeared" are two separate questions.[9]

Absent the correction of these issues on or before March 6, 2026, the matter may be remanded to the court from which it was removed. **Counsel for Defendants Webster Bank, N.A., and Howard Green shall expeditiously serve a copy of this order on all parties who are not represented by counsel in this Court.**

SO ORDERED.

Dated:        February 25, 2026

Lewis A. Kaplan
United States District Judge

---

[6] *Id.* ¶ 13.

[7] *Id.* ¶ 14.

[8] *See, e.g., Kupferberg v. Baez*, No. 24-cv-8653, 2025 WL 2346060, at *4 (S.D.N.Y. Aug. 13, 2025) (noting that it is "insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents" (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006)).

[9] *See, e.g., Swanson v. JSR Trucking Inc.*, Civ. No. 19-65, 2019 WL 2121364, at *2-3 (D.N.M. May 15, 2019) (recommending remand of case based on failure to obtain consent from defendant who had been served but had not appeared), *report and recommendation adopted*, 2019 WL 2392909 (D.N.M. June 6, 2019).