**LEWIS BRISBOIS**

USDC
DOCU
ELECT
DOC #: _____
DATE FIL   3-26-26

Kevin D. Torge
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Kevin.torge@lewisbrisbois.com
Direct: 646.783.0989

March 24, 2026

**VIA ELECTRONIC FILING**

Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl St., (Courtroom 17A)
New York, New York 10007-1312

> Re:    ***Maya Ben-Avner Phipps, et al v. Jerome Johnson Phipps Jr., et al.***
>         ***Index No.: 1:26-cv-01089-LAK***

Dear Judge Kaplan:

Our office represents defendants, Cohen, Labarbera & Landrigan, LLP and Ronald J. Cohen, ("Defendants") in the above-referenced matter. We write, with the consent of the plaintiff, Maya Ben-Avner Phipps, Individually and as Trustee of the Phipps Family Trust and the J and M Family Trust ("Plaintiff"), pursuant to Your Honor's Individual Part Rules, to file this instant motion to seek pre-approval to redact certain portions of the records annexed hereto.

This lawsuit involves causes of action sounding in breach of fiduciary duty with respect to the Phipps Family Trust and the J and M Phipps Family Trust (together "Trusts"). The Phipps Family Trust is an irrevocable trust created on February 1, 2023, made by grantors Jerome J. Phipps, Jr. and Maya Phipps. A copy of the redacted and unredacted trust is annexed hereto as **Exhibit "A"** and **Exhibit "C,"** respectively. The J and M Phipps Family Trust is an irrevocable trust created on June 26, 2020, made by grantors Jerome J. Hipps, Jr, and Maya Phipps. A copy of the redacted and unredacted trust is annexed hereto as **Exhibit "B"** and **Exhibit "D,"** respectively.

Plaintiff's complaint contains allegations directly relevant to the Trusts at issue. For example:

In or about February 2013, the Phipps Family Trust was established, with both MAYA and JEROME being named as trustees. *See* ECF 1.1. ¶ 18.

Defendants knowingly participated in the breach by establishing these entities and trusts, withholding and lying to MAYA about them, and making false filings. *See* ECF 1.1. ¶ 191.

Defendants intend to file a motion to dismiss pursuant to Rules 12(b)(6) and 9(b) of the Fed. R. of Civ. Pro., arguing, *inter alia,* that Plaintiff lacks standing pursuant to E.P.T.L §10-10.7, to

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

173706529.1

March 24, 2026
Page 2

unilaterally commence suit in her capacity as a co-trustee. To do so, Defendants intend to use copies of the Trusts in support of their motion. However, the Trusts at issue are irrevocable bearer trusts, wherein the interests of the beneficiaries are intended to be confidential and secret. Because Defendants are under a continuing obligation to preserve such confidentiality, Defendants file this instant motion to redact certain portions of the Trusts.

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *In re Gen. Motors LLC Ignition Switch Litig.,* 2015 WL 4750774, at *4 (S.D.N.Y. 2015).

Courts within the Second Circuit have recognized that estate planning documents such as a variety of trust documents can often contain private information warranting protection. *Brunckhorst v. Bischoff,* 2024 WL 4276200 (S.D.N.Y. 2024); *Bredehorn v. Young,* 2020 WL 2042391 (E.D.N.Y. 2020)(approving the redaction of tax returns, wills, codicils and trusts); *Chigirinskiy v. Panchenkova,* 319 F. Supp. 3d 718, 740 (S.D.N.Y. 2018) (certain portions of a settlement agreement were sealed because those portions involved nonparties with a strong privacy interest and have no bearing on the adjudication of the instant motions); *Greater Miami Baseball Club Ltd. Partnership v. Selig,* 955 F. Supp. 37, 40 (S.D.N.Y. 1997) (exhibits were sealed which relate to personal estate planning of a major league owner). When privacy interests require protection, "redacting portions of a document containing protectable information is preferable to wholesale sealing . . . because the policy favoring public access supports making public as much information as possible while still preserving confidentiality of protectable information." *In re Genesis Global Holdco, LLC,* 652 B.R. 618 (S.D.N.Y. Bank Ct. 2023).

As a result, Defendants intend to assert the proposed redactions to the Trusts that involve disbursements, property of the Trusts, private information, and potential nonparty information, but keep those portions that would be critical to the subject adjudication of Defendants' motion to dismiss. Moreover, the standard for what constitutes good cause must reflect the fact that a lawyer and a law firm continue to owe its former client certain ethical duties to protect against the disclosure of materials that are confidential or otherwise potentially harmful to the client if publicly disclosed.

Based on the foregoing, Defendants respectfully request that the Court permits that the Trusts may be redacted. We thank you for your time and continued consideration to this matter.

Respectfully submitted,

*Kevin D. Torge*

Kevin D. Torge, Esq.
LEWIS BRISBOIS BISGAARD &
SMITH LLP

SO ORDERED

CC: All counsel of record via electronic filing.

3/26/26

LEWIS A. KAPLAN, USDJ